IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20557
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MARGARITA PEREZ,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-386-1
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Government appeals the sentence imposed on Margarita Perez after her guilty-plea conviction for aiding and abetting possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. The Government argues that the district court clearly erred in determining that Perez was not reasonably capable of producing the negotiated eight kilograms of cocaine. Because the district court's determination that Perez was not reasonably capable of producing the negotiated eight kilograms of cocaine was plausible in light of the record as a whole, the district court did not clearly err

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in determining that Perez should not be held responsible for eight kilograms of cocaine.  See United States v. Vine, 62 F.3d 107, 109 (5th Cir. 1995); United States v. Graves, 5 F.3d 1546, 1555-56 (5th Cir. 1993).

For the first time on appeal, the Government argues that the district court erroneously placed the burden of proof on the Government to show that Perez was not reasonably capable of producing eight kilograms of cocaine.  Because the Government did not raise the issue of burden of proof in the district court, review is limited to plain error.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  Calverley, 37 F.3d at 162-64 (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)).  If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Olano, 507 U.S. at 736.  The record indicates that the district court sought argument from both the Government and Perez's counsel concerning whether Perez was capable of producing eight kilograms of cocaine and concerning which party suggested the eight kilogram amount.  The Government has not shown that the district court shifted the burden of proof on the Government, and therefore, the Government has not shown plain error.  See

Calverley, 37 F.3d at 162-64.

AFFIRMED.